**David L. WHITEHEAD, Plaintiff,**

v.

**PARAMOUNT PICTURES CORPORATION, et al., Defendants.**

**No. CIV.A. 96–2436(PFL).**

United States District Court, District of Columbia.

Feb. 23, 2001.

Daniel J. Henry, Falls Church, VA, for Plaintiff.

Gerson Avery Zweifach, Paul Benedict Gaffney, Williams & Connolly, Washington, DC, for Paramount Pictures Corp., et al.

Mark Leddy, Cleary Gottlieb Steen & Hamilton, Washington, DC, for Disney Corp., et al.

Jeffrey William Kilduff, O'Melveny & Myers, McLean, VA, for Time Warner Entertainment, et al.

*ORDER*

PAUL L. FRIEDMAN, District Judge.

The Court has before it plaintiff's motion to vacate, for recusal or for disqualification, along with two subsequently filed amendments to the motion. Judgment was entered in this case on June 30, 1999, granting summary judgment to all defendants and dismissing the case as patently frivolous. *Whitehead v. Paramount Pictures Corp.*, 53 F.Supp.2d 38 (D.D.C.1999). Plaintiff filed two appeals, both of which were denied by the U.S. Court of Appeals for the District of Columbia Circuit. Appeal Nos. 99–7137 and 99–7197, Order (D.C.Cir. April 19, 2000).

Plaintiff's present motion, like the eight similar motions seeking various types of reconsideration and relief that preceded it, is frivolous. Indeed, virtually everything that plaintiff has filed in this case and numerous others in this Court has been completely without merit and a waste of the Court's time and resources. In the last eight years, plaintiff has filed no less than 23 lawsuits in this jurisdiction against

film companies, publishing companies, actors, producers, writers and directors, President Bill Clinton, the United States Department of Justice, the Washington Post, the Internal Revenue Service, a District of Columbia School Superintendent, the CIA, and Georgetown University. Every one of Mr. Whitehead's suits has been dismissed or resolved in defendants' favor. *See Whitehead v. Clinton*, Civil Action No. 99–2891, Order (D.D.C. Nov. 8, 1999) (dismissing case), *aff'd*, Appeal Nos. 99–5413 and 2000 WL 520719 (D.C.Cir. March 23, 2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 442, 148 L.Ed.2d 433 (2000); *Whitehead v. Columbia Pictures Industries, Inc.*, Civil Action No. 98–2938, Memorandum Opinion (D.D.C. June 14, 2000) (dismissing case); *aff'd*, 2001 WL 135853 (D.C.Cir. Jan. 19, 2001); *Whitehead v. DreamWorks*, Civil Action No. 98–1917, Memorandum Opinion (D.D.C. June 14, 2000) (dismissing case); *aff'd*, 2001 WL 135852 (D.C.Cir. Jan. 19, 2001); *Whitehead v. Columbia Pictures*, Civil Action No. 98–1882, Memorandum Opinion (D.D.C. June 14, 2000) (dismissing case); *aff'd*, 2001 WL 135851 (D.C.Cir. Jan. 19, 2001); *Whitehead v. New Line Cinema*, Civil Action No. 98–1231, Memorandum Opinion (D.D.C. June 14, 2000) (dismissing case); *aff'd*, Appeal No. 00–7166, 2001 WL 135850 (D.C.Cir. Jan. 19, 2001); *Whitehead v. Time Warner*, Civil Action No. 98–0257, Memorandum Opinion (D.D.C. June 14, 2000) (dismissing case); *aff'd*, Appeal No. 00–7165, 2001 WL 135849 (D.C.Cir. Jan. 19, 2001); *Whitehead v. Metro Goldwyn Mayer*, Civil Action No. 98–0256, Memorandum Opinion (D.D.C. June 14, 2000) (dismissing case); *aff'd*, Appeal No. 00–7164, 2001 WL 135848 (D.C.Cir. Jan. 19, 2001); *Whitehead v. Carroll & Graf*, Civil Action No. 98–0202, Memorandum Opinion (D.D.C. Dec. 8, 1999) (dismissing case); *aff'd*, Appeal No. 00–7027, 2000 WL 1093065 (D.C.Cir. June 19, 2000); *White-head v. Warner Bros.*, Civil Action No. 97–0752, Memorandum Opinion (D.D.C. June 14, 2000) (dismissing case); *aff'd*, Appeal No. 00–7163, 2001 WL 135775 (D.C.Cir. Jan. 19, 2001); *Whitehead v. Paramount Pictures Corp.*, Civil Action No. 96–2436, 53 F.Supp.2d 38 (D.D.C.1999) (dismissing case), *aff'd*, Appeal Nos. 99–7137 and 99–7197 (D.C.Cir. April 19, 2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 644, 148 L.Ed.2d 531 (2000); *Whitehead v. Paramount Pictures Corp.*, Civil Action No. 96–1616 (D.D.C.) (dismissed), *aff'd*, Appeal No. 96–7212, 1997 WL 150111 (D.C.Cir. Feb. 27, 1997); *Whitehead v. Smith*, Civil Action No. 96–1307 (D.D.C.) (dismissed), *aff'd*, 1996 WL 761937 (D.C.Cir. Dec. 20, 1996); *Whitehead v. Deutch*, Civil Action No. 96–0420 (D.D.C.) (dismissed), *aff'd*, 1997 WL 573476 (D.C.Cir. Aug.22, 1997), *cert. denied*, 522 U.S. 1129, 118 S.Ct. 1080, 140 L.Ed.2d 137 (1998); *Whitehead v. Days*, Civil Action No. 96–0159 (D.D.C.) (dismissed), *aff'd*, 1996 WL 525507 (D.C.Cir. Aug. 16, 1996); *Whitehead v. Reno*, Civil Action No. 96–0049 (D.D.C.), *aff'd*, 1996 WL 761943 (D.C.Cir. Dec.27, 1996); *Whitehead v. Washington Post*, Civil Action No. 95–1647 (D.D.C.) (dismissed), *aff'd*, 1996 WL 246815 (D.C.Cir. Apr. 18, 1996), *cert. denied*, 519 U.S. 877, 117 S.Ct. 201, 136 L.Ed.2d 137 (1996); *Whitehead v. O'Donovan*, Civil Action No. 12393–94 (D.C.Sup.Ct.); *Whitehead v. O'Donovan*, Civil Action No. 7034–94 (D.C.Sup.Ct.); *Whitehead v. Commissioner of Internal Revenue*, 1994 WL 730903 (D.C.Cir. Dec.14, 1994) (dismissing appeal from tax court for lack of jurisdiction); *Whitehead v. Greenstein*, Misc. No. 94–0085 (D.D.C.) (denying motion to enforce subpoena), *aff'd*, 1994 WL 535410 (D.C.Cir. Sept. 26, 1994); *Whitehead v. Greer*, Civil Action No. 93–2023 (D.D.C.) (dismissed), *aff'd*, 1994 WL 189133 (D.C. Apr. 19, 1994), *cert. denied*, 513 U.S. 966, 115 S.Ct. 430, 130 L.Ed.2d 343 (1994); *Whitehead v. Jen-*

*ifer*, 1992 WL 311212 (D.C.Cir. Oct.14, 1992) (dismissed), *cert. denied*, 506 U.S. 1084, 113 S.Ct. 1061, 122 L.Ed.2d 366 (1993); *Whitehead v. Gates*, Civil Action No. 92–0917 (dismissed), *aff'd*, 1993 WL 328105 (D.C.Cir. July 27, 1993).

Lest it be inferred from such a dismal track record that Mr. Whitehead is but an unsophisticated naïf tilting at windmills, one need only look at his own stated intent for bringing many of these cases to know that Mr. Whitehead has no regard for our judicial system or the drain on its resources caused by his actions.[1] Both this Court and the D.C. Circuit have separately found it necessary to impose sanctions and/or award attorneys' fees to defendants' counsel—at least in part as a deterrent to Mr. Whitehead's deplorable conduct. *See Whitehead v. Columbia Pictures Industries, Inc.*, Memorandum Opinions, Civil Action No. 98–2938 (D.D.C. June 14, 2000 and Jan. 24, 2001) (awarding attorneys' fees); *Whitehead v. Columbia Pictures Industries, Inc.*, Appeal No. 00–7169, 2001 WL 135853 (D.C.Cir. Jan. 19, 2001) (imposing sanctions and awarding attorneys' fees); *Whitehead v. Dreamworks*, Appeal No. 00–7168, 2001 WL 135852 (D.C.Cir. Jan. 19, 2001) (same); *Whitehead v. Columbia Pictures*, Appeal No. 00–7167, 2001 WL 135851 (D.C.Cir. Jan. 19, 2001) (same); *Whitehead v. New Line Cinema*, Appeal No. 00–7166, 2001 WL 135850 (D.C.Cir. Jan. 19, 2001) (same); *Whitehead v. Time Warner*, Appeal No. 00–7165, 2001 WL 135849 (D.C.Cir. Jan. 19, 2001) (same); *Whitehead v. Metro Goldwyn Mayer*, Appeal No. 00–7164, 2001 WL 135848 (D.C.Cir. Jan. 19, 2001) (same); *Whitehead v. Warner Bros.*, Appeal No. 00–7163, 2001 WL 135775 (D.C.Cir. Jan. 19, 2001) (same).

Plaintiff's most recent filings—which is as opaque, nonsensical and frivolous as those that preceded them—prove that neither adverse decisions, nor monetary sanctions, nor the award of attorneys' fees will deter him. This Court will tolerate Mr. Whitehead's egregious abuses of the judicial system no longer and will sanction him accordingly. Upon consideration of the foregoing, it is hereby

ORDERED that plaintiff's motion to vacate, for recusal or for disqualification [103–1] is DENIED; and it is

FURTHER ORDERED that the Clerk of the Court shall no longer accept for filing anything submitted by plaintiff David L. Whitehead in this case or any of his other cases already dismissed by the undersigned. If Mr. Whitehead hand-delivers or mails anything to the Clerk's Office, that document shall be forwarded

---

1. Defendants' counsel in this case and at least one other offered declarations, unrebutted by plaintiff, that Mr. Whitehead's self-proclaimed purpose for bringing his multiple copyright lawsuits is to extract nuisance settlements. *See* Declaration of Jeffrey W. Kilduff, attached to defendants' Dec. 2, 1998 Motion for Stay and Sanctions, *Whitehead v. Columbia Pictures Industries, Inc.*, Civil Action No. 98–2938 ("Mr. Whitehead explained that he had filed yet another copyright infringement case ... adding numerous additional movies and songs to his list of allegedly infringing works .... Mr. Whitehead also stated that he would stop suing defendants and other studios if defendants would simply pay him money to go away. Mr. Whitehead again made clear that he intends to continue inundating the defendants and this Court with copyright infringement actions in the hopes of extracting a nuisance settlement."); Declaration of Jeffrey W. Kilduff, attached to Motion for Protective Order, Nov. 19, 1996, *Whitehead v. Paramount Pictures Corp.*, Civil Action No. 96–2436 (D.D.C.) ("Plaintiff has repeatedly explained that he would continue with his barrage of motions so that Defendants would have to incur substantial legal fees in order to respond. He has admitted that his strategy is to make litigating this case so expensive to Defendants that they will pay plaintiff to go away.").

6

to Chambers for the Court's determination whether leave to file should be granted.

SO ORDERED.